NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1491

BRIAN EVANS, administrator,[1]

vs.

RONALD A. MARVIN & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Brian Evans, appeals from the denial of a motion for a new trial under Mass. R. Civ. P. 59, 365 Mass. 827 (1974) (rule 59), and for relief from judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (rule 60 [b]).  We affirm.

Background.  In October of 2012, Helen Bousquet passed away at Holy Family Hospital in Methuen shortly after undergoing knee replacement surgery.  On April 13, 2015, Evans, Bousquet's son, filed, on behalf of Bousquet's estate, a wrongful death action

_____

[1] Of the estate of Helen Marie Bousquet.

[2] Orthopaedics Northeast, P.C., Sridhar R. Ganda, Kristin A. Dasilva, Anne Maria Mede, Holy Family Hospital, Steward Medical Group, Inc., and Steward Health Care System, LLC.

against the defendants alleging that his mother's death resulted from the defendants' negligent care.  Trial commenced on August 27, 2018.  The jury found in favor of the defendants.[3]  Evans subsequently appealed, and this court affirmed the judgment in November of 2021.  See Evans v. Marvin, 100 Mass. App. Ct. 1114 (2021), cert. denied, 142 S. Ct. 2739 (2022).

On November 17, 2025, seven years after judgment entered in the trial court, Evans filed his rule 59 and rule 60(b) motion.  Evans's sole argument was that newly discovered evidence, unavailable at the time of trial, warranted relief from the judgment.  Specifically, Evans asserted that newly public information, including "[v]erified statements" made during a 2024 hearing of the United States Senate Committee on Health, Education, Labor and Pensions (HELP committee) regarding Steward Healthcare System, LLC's[4] financial practices, if known at the time of the trial, would have explained to the jury "why essential post-surgical monitoring equipment and staffing were

---

[3] Before trial, on August 23, 2018, the claims against defendant Sridhar R. Ganda were dismissed with prejudice by agreement of the parties.  Additionally, on September 7, 2018, the judge allowed the defendants Steward Medical Group, Inc. and Steward Health Care System, LLC's motion for directed verdict by agreement of the parties.

[4] It is undisputed that, at all times relevant to this action, Holy Family Hospital was owned and operated by Steward Healthcare LLC.

unavailable," and led to a verdict in favor of the plaintiff.[5] On November 21, 2025, the judge denied the motion, concluding that Evans's requests were untimely under Mass. R. Civ. P. 59 (b) and 60 (b) (2) and (3), and that Evans failed to demonstrate that he was entitled to relief under rule 60 (b) (6).

Discussion. We review the judge's denial of Evans's motion for relief from judgment for an abuse of discretion or other error of law. See Care One Mgt., LLC v. Brown, 98 Mass. App. Ct. 589, 593-594 (2020); Franzosa v. Franzosa, 98 Mass. App. Ct. 179, 182 (2020). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[6]

---

[5] Evans acknowledges that Holy Family Hospital and its parent company Steward Health Care System LLC are presently in bankruptcy proceedings with stays on litigation.

[6] The defendants assert that the present appeal must be dismissed outright, as Evans filed his notice of appeal and appellate brief as a self-represented litigant. Generally, "[a] person appearing pro se . . . may not represent another person or entity, as doing so would constitute the unauthorized practice of law." Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 23 (2020). See G. L. c. 221, § 46A ("No individual, other than a member, in good standing, of the bar of this [C]ommonwealth shall practice law"). Evans asserts, however, that, as administrator of the estate, he is permitted to proceed pro se

3

First, Evans claims that the judge erred in concluding that portions of the HELP committee's hearing were not "newly discovered evidence" as defined under rule 60 (b) (2) -- that is, evidence that Evans, as the offering party, could not have discovered by the exercise of reasonable diligence.  See Poskus v. Lombardo's of Randolph, Inc., 48 Mass. App. Ct. 527, 528 (2000).[7]  We do not reach consideration of whether the evidence could have been discovered by Evans's exercise of reasonable diligence, because it is well settled that rule 60 (b) (2) motions "must be brought at least within one year of the challenged order."  Department of Revenue v. W.Z., 412 Mass. 718, 721 n.4 (1992), citing Chavoor v. Lewis, 383 Mass. 801, 803 (1981).  This one-year time limit "cannot be extended" and the denial of the motion was proper.  Id.

To the extent that Evans's argument relies on rule 60 (b) (3), his argument fails for the same reason.  Claims for

_____

where "[t]here are no other heirs, beneficiaries, or creditors whose rights are implicated" by Bousquet's estate besides himself.  See Wilbur, supra at 24-26.  Assuming, for the purposes of this appeal, that Evans's assertions as to his status as administrator are accurate, we choose to reach the merits of his appeal.

[7] We pause to note certain deficiencies in Evans's appellate brief.  The brief contains a number of citations to cases that do not exist.  On numerous occasions, Evans supplied quotations that did not appear in the text of the case.  And, on many occasions, a case was cited for a proposition for which it did not stand.

relief under rule 60 (b) (3) also must be brought within one year of entry of judgment.  Rule 60 (b) (rule 60 [b] [2] and [3] "motion[s] shall be made . . . not more than one year after the judgment, order or proceeding was entered or taken").  Here, because Evans filed the motion in 2025, seven years after judgment had entered, the judge properly denied Evans's requests for relief.

Lastly, Evans argues that the HELP committee's findings constitute "extraordinary circumstances" and warranted relief under rule 60 (b) (6), which permits a movant to bring a claim "within a reasonable time."  Rule 60 (b).  This argument also fails as a matter of law.  Evans's claim for relief below rested solely upon his claim of "newly discovered evidence" -- which is exclusively governed by rule 60 (b) (2) -- and may not be advanced under rule 60 (b) (6).  See Poskus, 48 Mass. App. Ct. at 527 ("A motion under rule 60 [b] [6] . . . does not lie for a reason set forth in subparagraphs [b] [1] through [b] [5]").  Thus, the judge did not err in denying Evans's request for relief under rule 60 (b) (6).  Accordingly, we find no abuse of

discretion or error of law in the judge's order denying Evans's motion.[8],[9]

Given the pervasiveness of misrepresented and fallacious citations, holdings, and quotations throughout Evans's brief, we grant the defendants' request for appellate attorney's fees. See Avery v. Steele, 414 Mass. 450, 456 (1993), quoting Romala Corp. v. United States, 927 F.2d 1219, 1224 (Fed. Cir. 1991) ("appellate tactics . . . consisting almost entirely of irrelevant and misleading arguments as well as outright misrepresentation . . . exceed all permissible bounds of zealous advocacy and have been repeatedly condemned").  Consistent with

---

[8] To the extent that we do not address the plaintiff's other arguments, none of which were included in his motion before the trial court, we see nothing in them that warrants overturning the judgment.  Those include his arguments that (1) the judge's handwritten order, appearing in the margins of his motion, lacked "reasoning sufficient for appellate review," (2) the docket entry representing the order contradicted the order itself, (3) unopposed factual assertions must be treated as admitted, and (4) the lower court's failure to acknowledge so-called "admitted facts" was, in itself, reversible error.  We also decline to address Evans's contention that the judge failed to review Evans's reply to the defendants' opposition to his motion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954) ("Other points, relied on by the [appellant] but not discussed in this [decision], have not been overlooked.  We find nothing in them that requires discussion").

[9] We further conclude that the denial of Evans's motion for a new trial under rule 59 (b) was also proper because Evans failed to file the motion within ten days of when the judgment entered on September 17, 2018.  See rule 59 (b) ("A motion for a new trial shall be served not later than 10 days after the entry of judgment").

6

the requirements of <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004), the defendants may file an application for appellate attorney's fees and costs, along with supporting documentation, within fourteen days of the issuance of the decision in this case. Evans shall have fourteen days thereafter within which to respond.

<u>Order entered November 24, 2025, denying motion for a new trial and for relief from judgment affirmed</u>.

By the Court (Singh, Brennan & Allen, JJ.[10]),

Clerk

Entered:   July 24, 2026.

---

[10] The panelists are listed in order of seniority.